Filed 10/13/25  In re J.P. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re J.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.P.,<br><br>        Defendant and Appellant. | A172680<br><br>(Contra Costa County Super. Ct. No. J25-0070) |

After J.P. (the minor) filed a notice of appeal challenging the juvenile court's denial of his motion to suppress evidence, minor's counsel identified no issues for appeal and asked this court to perform its own review of the record for possible issues.  After conducting a review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), we find no arguable issues and affirm.

1

# I. BACKGROUND

## A. *Procedural History*

On January 3, 2025, the People filed a wardship petition charging the minor with five firearm offenses.[1] A motion to suppress evidence was heard and denied on January 13, 2025.

A few days later, the minor admitted count two, felony concealment of a firearm in violation of section 25400, subdivision (a)(2). The remaining counts were dismissed. The court released the minor from custody to home detention and transferred the case to Contra Costa County for a disposition hearing.

In January 2025, the juvenile court in Contra Costa County accepted transfer of the case and determined there was no reason to believe the minor is covered by the Indian Child Welfare Act. The minor was placed on electronic monitoring.

At the March 2025, disposition hearing, the court adjudged the minor to be a ward of court, and issued a placement order with conditions of probation. The minor's school district was notified of the adjudication and wardship probation.

After the disposition hearing, the minor filed this appeal challenging the denial of his motion to suppress evidence under Welfare and Institutions

---

[1] Throughout this opinion, undesignated statutory references are to the Penal Code. The petition charged the minor with felony unlawful carrying of a loaded firearm (§ 25850, subd. (a)), with an allegation that the minor was not the recorded owner of the firearm (§ 25850, subd. (c)(6)), concealment of a firearm (§ 25400, subd. (a)(2)), with another allegation that J.P. was not the registered owner of the firearm and that both a firearm and unexpended ammunition were in his immediate possession or readily accessible (§ 25400, subds. (c)(6)(A) and (B)), and being a minor in possession of a firearm (§ 29610, subd. (a)). The minor was also charged with resisting, obstructing, or delaying a police officer. (§ 148, subd. (a)(1).)

Code section 700.1.  Minor's counsel filed a *Wende* brief identifying no issues for appellate review.  (*Wende, supra,* 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99.)  The minor was informed of his right to submit a supplemental brief to this court to raise issues he would like to call to the court's attention.  A supplemental brief was not received by this court.

## B.  Suppression Motion and Search of the Minor

Christopher Leong, an officer of the San Francisco Police Department, testified at the hearing on the suppression motion.  He was assigned to the department's Crime Gun Investigations Center and had been with the department for over 18 years at the time of his testimony.

On January 1, 2025, around 3:15 p.m., Officer Leong was in the Tenderloin District of the city on an operation when he noticed the minor and two other individuals wearing black balaclava masks with their hoods up. The officer knew from training and experience that people tend to wear masks in the commission of certain crimes or to prevent being identified if they have active warrants.

Officer Leong wore a T-shirt with the police department crest on the upper arm area and a tactical vest on which a shield was printed, which also displayed the word "POLICE" on the back "in all caps."

Officer Leong observed the minor adjust a large bulge underneath his sweater near his front waistband area.  From the way the object swayed and how minor adjusted it, the item appeared to be heavy.  The movement was indicative of someone trying to conceal a firearm.  Minor made this adjusting motion more than once.  As they were monitored from an unmarked police vehicle, the three subjects' heads moved back and forth as if "on a swivel." These actions were indicative of someone looking out for law enforcement.

The police surveillance continued as the three subjects contacted others in an area known to the officer as a place where stolen property is fenced. One of the subjects (not minor) held out a cell phone to the people they had contacted.

Based on these observations, Officer Leong's team planned to contact the three subjects and to pat search the minor for weapons. On a covert surveillance communication channel, officers were advised that one of the subjects could be armed with a firearm. Officers exited their unmarked vehicle from a little more than 12 feet from the minor and the others. The minor looked at the officers and then turned to walk away. When an officer yelled "stop," he ran.

Officers apprehended the minor. As they tried to handcuff him from a prone position, the minor did not roll onto his stomach. Officer Leong told the minor to "stop reaching for your waistband." He decided to secure the minor in handcuffs based on his observations of the bulge underneath the minor's hoodie near his front waistband, minor's manipulation of the bulge, and the fact that minor actively attempted to avoid police contact. It appeared that the minor was concealing a firearm on his person and the officer wanted to handcuff the minor before seizing it.

Officer Leong "conducted a quick pat search" and "felt the frame of a firearm" just below the minor's waistband. He advised other officers that the minor was armed with a gun. A video of the pat search was played for the juvenile court.

Later, the officer learned the minor was under the age of 18 and the firearm had been loaded.

After considering the evidence, the juvenile court found the testimony of Officer Leong credible and determined "there was ample evidence to

4

support reasonable suspicion to detain and pat search" the minor. The court denied minor's motion to suppress evidence.

## C. *The Disposition Hearing*

At the disposition hearing, the juvenile court and the parties discussed the report and recommendations by the probation department. The People and the probation department recognized a need for the minor to secure stable housing and consistent schooling. The probation report also noted the minor's history of behavioral and emotional problems. The People and the probation department supported the minor's referral to Community Success Pathway, a program whose team the prosecutor hoped would "intervene and support [the minor] and provide the resources he is going to have to rely on to get things back on track." A probation deputy expressed concern that the minor's firearm possession offense occurred just one week after he had been terminated from supervision in San Francisco and that the minor needed a higher level of supervision.

The minor's counsel urged the court to place the minor on standard probation instead of in the Community Success Pathway program, release him from home supervision, and impose a later curfew start time considering the minor's age. The minor's counsel otherwise expressed "no objection to any of the terms listed by probation."

The juvenile court found the minor to be a ward of the court and ordered him to start participating in the Community Success Pathway program with the understanding that he might "step down" at future reviews if he continued to do well. The court granted the request for a later curfew. It also ordered the minor to participate in the Multi-Disciplinary (MDT) "rehabilitation plan process . . . and any treatment program and counseling as directed by the MDT and/or a probation officer," to complete 50 hours of

5

community service, and to abide by standard conditions of probation.  The court kept the minor in the home supervision program but, at his counsel's request, reduced his time in the program from 90 to 60 days.

## II.  DISCUSSION

The notice of appeal in this case mentions only the motion to suppress evidence.  However, we do not confine our review to that motion.  Because appellate counsel notified the minor "that a *Wende* brief would be filed in this case," the minor may have expected us to review the *entire* record, so we have done so.  Having conducted an independent review, we have found no meritorious issues that could be argued on appeal.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## III.  DISPOSITION

The order is affirmed.

_____

Smiley, J.


WE CONCUR:


_____

Humes, P. J.


_____

Banke, J.


*In re J.P.*  A172680